Kinsey C. J.
There are two grounds on which this application seems to be disputed.
1 st It is said the court have not the power of granting it.
2d If they have the power, the present case is riot of such a nature, as to require the extraordinary interposition of the court.
I should be unwilling to establish it as an inflexible rule, that the court had no such power; and that it was not competent for them to change the venue in a case where it was absolutely necessary to have justice done to the parties by a fair and impartial trial. But this discretionary power should not be used without good cause.
In New Jersey the courts have exercised it for upwards of fifty years. In Cotee’s causes in this county, which were ejectments, the venue was changed, and the array challenged, but the decision of this court was confirmed by Governor and Council, on a writ of error.
Note. — See 1 Bacon’s Abridgment (Wilson’s Edit.) 58. for the cases in which the venue will be changed. — 1 Caines 4 (2d) Edit, note.
in the case of Parvin v. Miller an ejectment in which I was concerned, it was so determined against all the opposition I could make to the motion. In Shotwell v. Clark the court never intended to lay down any general position,, we decided upon the circumstances.
The case of Foster v. Taylor cited from Term Reports, seems to have been compromised! but the general principle that the court possessed the right of changing the venue, on sufficient grounds being laid, appears to have been admitted on all hands, and the single question contested was, whether such grounds were laid.
This brings me to the second question viz. Is there any ground here? On an inspection of the affidavit offered, it appears to contain a number of facts, some resting solely in the party’s belief, but not proving any thing on which the court ought in a case of this kind to interpose. Many of these facts may ba sworn in almost every action, .most of them being merely matters of belief, are entitled to no consideration; and certainly are not of a character which requires us to say that the plaintiff shall be deprived of the privilege of laying the venue where he pleases. It is not pretended the parties cannot have justice in Burlington county, we are therefore against changing the venue.

Motion refused.